*21 OPINION OF THE COURT
Per Curiam.
By decision and order on motion of this Court dated October 22, 2013, the respondent was immediately suspended from the practice of law, pursuant to 22 NYCRR 691.4 (1) (1) (iii), and the Grievance Committee for the Tenth Judicial District was authorized to institute and prosecute a disciplinary proceeding against her, pursuant to 22 NYCRR 691.4 (e) (5), based on charges set forth in a verified petition dated June 26, 2013. That petition contains 11 charges of professional misconduct alleging, inter alia, that the respondent converted funds entrusted to her as a fiduciary; engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, by altering a copy of a check and submitting the altered copy to, among others, the Grievance Committee; failed to produce required bookkeeping records in response to the legitimate inquiries of the Grievance Committee; commingled personal funds with funds belonging to another person, which the respondent possessed incident to her practice of law; failed to maintain funds belonging to another person, which she received incident to her practice of law; made cash withdrawals from her escrow account; issued checks from her escrow account which failed to bear the title “Attorney Special Account,” “Attorney Trust Account,” or “Attorney Escrow Account”; and engaged in conduct adversely reflecting on her fitness as a lawyer by failing to comply with several rules pertaining to the management and maintenance of escrow accounts.
The decision and order on motion of this Court dated October 22, 2013, which was personally served upon the respondent on November 20, 2013, directed her to serve an answer to the petition within 20 days of service of the decision and order on motion. More than 20 days have elapsed since the respondent was served with the petition, and the respondent has not answered the petition or requested an adjournment.
The Grievance Committee now moves to impose such discipline upon the respondent as the Court deems appropriate, based upon her default. The respondent has neither opposed the Grievance Committee’s motion, nor interposed any response thereto.
Accordingly, the Grievance Committee’s motion is granted, the charges in the verified petition are deemed established and, effective immediately, the respondent is disbarred on default and her name is stricken from the roll of attorneys and counselors-at-law.
*22 Eng, EJ., Mastro, Rivera, Skelos and Chambers, JJ., concur.
Ordered that the motion is granted; and it is further,
Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Susan Friedman Odery, admitted as Susan Eileen Friedman, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Susan Friedman Odery, admitted as Susan Eileen Friedman, shall continue to comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Susan Friedman Odery, admitted as Susan Eileen Friedman, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Susan Friedman Odery, admitted as Susan Eileen Friedman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).